UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

OLIVETTE TURNER,

    Plaintiff,

vs.

TRIO HEALTCARE, LLC, *et al*.,

    Defendants.

Case No. 3:21cv117

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE (Doc. No. 28); (2) DISMISSING THIS CASE WITHOUT PREJUDICE; (3) DENYING AS MOOT DEFENDANTS' MOTION TO BIFURCATE (Doc. No. 14); AND (4) TERMINATING THE CASE ON THE DOCKET**

---

    This case is before the Court upon Defendants' motion to dismiss for failure to prosecute (Doc. No. 28) to which Plaintiff's counsel has not responded. Although no suggestion of death has been filed, a status report filed by Plaintiff's counsel indicates that Plaintiff has died. Doc. No. 26. Counsel explains that she attempted to contact Plaintiff's family regarding their desire to proceed with the litigation but received no response. *Id*. "It remains Defendants' position that Plaintiff (or any representative) has failed to prosecute this case and the Court should dismiss it without prejudice." Doc. No. 28, PageID 112.

    District courts have the inherent power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute" (citations omitted)). Upon the death of a party, if a motion to

substitute a proper party "is not made within 90 days after service of a statement noting the death, the action by . . . a decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). In late January 2022, Plaintiff's counsel notified the Court of Plaintiff's death. Doc. No. 24. No party has moved to substitute a proper party, and more than 90 days has passed since counsel notified the Court of Plaintiff's death. Further, no substantive action has been taken in the case by a party properly substituted pursuant to Fed. R. Civ. P. 25(a)(1). In light of these circumstances, dismissal of this case is warranted. *See* Fed. R. Civ. P. 25(a)(1); *see also Link*, 370 U.S. at 630-31; *Carpenter*, 723 F.3d at 704. The Court therefore **GRANTS** Defendants' motion to dismiss, **DISMISSES this case without prejudice**, and **DENIES** as moot Defendants' motion to bifurcate. This case is terminated on the docket.

    **IT IS SO ORDERED.**

August 26, 2022                       s/Michael J. Newman
                                                  Hon. Michael J. Newman
                                                  United States District Judge